### WILSON et al. v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. October 14, 1919.)

#### No. 5148.

1. CRIMINAL LAW &=351(2)—EVIDENCE OF CIRCUMSTANCES OF ARREST.

In prosecution for introducing intoxicating liquor from without the state into that part of Oklahoma which was formerly Indian Territory, evidence that, when defendants were arrested with liquor in their possession, they denied having arms in their possession, but an automatic was found in the motorcar in which they were transporting the liquor, was admissible as an incident of the arrest.

2. CRIMINAL LAW &=507(4)—OFFICER NOT AN ACCOMPLICE.

In a prosecution for introducing intoxicating liquor from without into that part of the state of Oklahoma which was formerly Indian Territory, where an officer of the government stationed at Joplin, Mo., whose duty it was to aid in the enforcement of the liquor law, testified that defendants were in Joplin on the day preceding their arrest, and that they procured liquor there, a requested instruction that the officer's testimony should be considered with caution, and was not sufficient without corroboration to convict, was properly refused.

In Error to the District Court of the United States for the Eastern District of Oklahoma. Ralph E. Campbell, Judge.

T. C. Wilson and another were convicted of introducing intoxicating liquor from outside the state of Oklahoma into that part of the state which was formerly Indian Territory, in violation of Act March 1, 1895, c. 145, and they bring error. ` Affirmed.

William Pfeiffer, of Oklahoma City, Okl., for plaintiff in error.

Cliff V. Peery, Asst. U. S. Atty., of Muskogee, Okl. (W. P. McGinnis, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before HOOK and CARLAND, Circuit Judges, and YOUMANS, District Judge.

HOOK, Circuit Judge.` Wilson and Provine were convicted and sentenced for introducing intoxicating liquor from outside the state of Oklahoma into that part of the state which was formerly Indian Territory. Act March 1, 1895, c. 145, 28 Stat. 693.

The contention that there was no substantial evidence that the large quantity of bottled liquor found in their possession in an automobile in the prohibited district was brought by them from outside the state is so devoid of merit that we need not review it. Against Provine

&=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied February 10, 1920.

it was overwhelming, and as to Wilson there was plainly enough to sustain the verdict against him in an appellate court.

[1] Complaint is made that the government was allowed to show that when the arrest was made the accused denied having arms in their possession, that they were required to keep their hands up, and that the officers found an automatic in the car. There is nothing substantial in this, nor prejudicial. Though perhaps not so closely connected with the litigated act, the denial of arms, and yet possession, was an incident of the arrest.

[2] An officer of the government stationed at Joplin, Mo., whose duty was to aid in the enforcement of the law charged to have been violated, gave testimony tending to show the presence of the accused and their automobile in Joplin on the afternoon of the day preceding their arrest, and that they got the carload of liquor there. The accused asked that the jury be instructed that the officer's testimony should be considered with caution, and that, though competent, it was not sufficient, without corroboration, to convict. The court rightly denied the request. Evidently the rule as to the testimony of accomplices was in the mind of counsel, but even as to that the request went too far; besides, the government officer was far from being an accomplice.

There are other assignments of error, most of which do not conform to the rules of this court. We have examined all that seemed to suggest something serious, but have found nothing to disturb the result below.

The sentences are affirmed.